[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PENDING MOTIONS
The marriage between the plaintiff and defendant was dissolved on September 15, 1992 pursuant to the court's judgment adopting the parties' separation agreement. Pending before the court is the plaintiff mother's motion to modify child support, the plaintiff's motion for contempt, and the defendant father's motion to modify child support. The court resolves these motions on the basis of the following findings and orders.
 The Defendant's Motion to Modify Child Support
Pursuant to Sec. 46b-86 of the General Statutes, the court finds that there has been a substantial change of circumstances between the time when judgment entered and the present time based on: the father's present inability to work; his receipt of social security disability benefits as his sole source of income; the child's receipt of $80 per week in social security benefits based on the father's disability; and the mother's increased income.
The father's financial affidavit indicates that his net income is $158 per week, and based on this income, the child support guidelines indicate that he is not required to pay child support. The plaintiff argues that the defendant's weekly income should be increased by income imputed to him based on monetary contributions received by the defendant from his mother. The court rejects this argument as to $2000 provided by the CT Page 15250 defendant's mother to a corporation for which the defendant is the principal because the evidence indicates that these funds represent corporate loans, and not gifts or support payments. As to the amounts given by the defendant's mother to help the defendant meet his monthly obligations, there is testimony that his mother provides some financial help, but this evidence is not sufficiently established to the exact amount of this support to allow the court to determine the precise amount to be imputed to the defendant in order to perform an accurate child support guideline calculation. In any event, however, even imputing to the father's income the support amounts claimed by the plaintiff (an amount of approximately $114 per week which the court finds to be too high as a regular weekly support payment based on the evidence), the child support guidelines would still create a presumption that the father would pay either nothing or a de minimis amount of child support. It should be noted that when judgment entered, the child support guidelines at that time also indicated that the defendant was not required to pay child support and the judgment ordered the defendant to pay $50 per week child support only as a result of the parties' agreement.
The plaintiff requests the court to deviate from the child support guidelines for two reasons. The court rejects the plaintiff's first argument that there should be a deviation based on extraordinary medical expenses being incurred on behalf of the child that are not covered by insurance. These expenses for therapy sessions and dental work are not "extraordinary" as contemplated by the guidelines. The court notes, however, that the father has a separate obligation under the judgment to pay one-half of these expenses.
The court accepts the plaintiff's argument that the court should deviate from the guidelines based on the defendant's other available assets and the property divisions ordered as part of the judgment. See C.G.S. Sec. 46b-86(a) ("In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division."); Child Support Regulations, Sec. 46b-215a-3(b)(1) (deviation from the child support guidelines may be based on "other financial resources available to a parent"). In this particular case, the defendant is entitled to receive $17,000 from the mother no later than 10 years from the date of the judgment or September 2002. The court finds that CT Page 15251 this sum, when it becomes available, represents a source of money which could be used by the father to pay a reasonable amount of child support accruing between now and when he receives these funds. The court notes that the child reaches majority age in the year 2002.
Therefore, the defendant's motion to modify the child support order is granted, and after consideration of all the circumstances of the case, and particularly the parties' incomes, expenses, and liabilities, the court orders the defendant to pay $15 per week in child support. This child support shall not have to be paid on a weekly basis but shall be allowed to accrue until the defendant receives payment of the $17,000 as provided under the judgment, and at that time the then outstanding, accrued balance shall be paid to the plaintiff from these or other funds available to him. If the $17,000 is received by the defendant before his child support obligation legally ends, than upon receipt of the $17,000 he shall pay the then outstanding, accrued balance and he shall thereafter pay the child support on a weekly basis.
 The Plaintiff's Motion To Modify
The plaintiff has moved to modify child support on the ground that the child's needs have increased because of orthodontic expenses. This motion to modify is denied. The court finds that under all the circumstances these expenses do not create a substantial change of circumstances warranting any modification of the judgment.
 The Plaintiff's Motion For Contempt
The plaintiff has moved to have the defendant held in contempt for failing to comply with the court order that he pay 50% of the medical expenses not covered by insurance, including the child's orthodontic expenses. This motion for contempt isdenied. As to the medical expenses other than the orthodontic expenses, the evidence establishes that since 1992, the plaintiff occasionally asked the defendant for reimbursement of these expenses, but never provided him with any bills or documentation and never consulted with him about these services to the extent required under the judgment. During the hearing on this motion, the plaintiff provided the court with only a yearly estimate of what she believes these expenses were without any documentary support. Thus, as to these non-orthodontic expenses, the motion CT Page 15252 for contempt is denied on the present record. This ruling shall not preclude the plaintiff from moving for further determination of the amount of these unreimbursed expenses and seeking an order of compliance to require the defendant to pay his proportionate share.
In regard to the orthodontic expenses, the court agrees with the defendant that he did not wilfully violate the court order because he ultimately withheld his consent for these expenses to be incurred due to his poor financial circumstances. The judgment provides that "neither party shall incur an expense that will have an uninsured or unreimbursed cost of over $200 without first notifying the other party, and receiving the other party's consent. The parties agree that they shall not unreasonably withhold their consent to any medical treatments for the benefit of the minor child." The defendant has nevertheless acknowledged responsibility to pay 50% of these orthodontic expenses at the rate of $20 per week. Thus the court orders the defendant to pay 50% of the orthodontic bill by paying $20 per week.
In summary, the defendant's motion to modify child support is granted, the plaintiff's motion to modify child support is denied, and the plaintiff's motion for contempt is denied consistent with this ruling.
Dated this 17th day of December 1998.
Stevens, J. CT Page 15253